**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MR. MAURICE GAY,  :
                                :  Civil Action No. 11-1319 (MLC)
      Plaintiff,  :

v.  :  **OPINION**

MR. EARL,  :

      Defendant.  :

**COOPER, District Judge**

Plaintiff, Maurice Gay, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint. The Court will review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I.  BACKGROUND**

The following factual allegations are from the Complaint and are accepted as true for purposes of this review. Plaintiff alleges that Mr. Earl, a prison barber, gave Plaintiff a bad haircut, "leaving all kinds of patches", and then laughed at him.

**II. STANDARDS FOR A SUA SPONTE DISMISSAL**

This Court must dismiss, at the earliest practicable time, claims asserted by prisoners that are frivolous, are malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e. In determining the sufficiency of a pro se complaint, the Court must construe it liberally in the plaintiff's favor. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief". A

complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level[.]

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Twombly pleading standard applies in the context of a § 1983 civil rights action. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so

> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

When assessing the sufficiency of any civil complaint, a court must distinguish factual contentions — which allege conduct on the part of a defendant that, if true, would satisfy one or more elements of the claim asserted — from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> [D]istrict courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such
> an entitlement with its facts.  See Phillips, 515 F.3d
> at 234-35.  As the Supreme Court instructed in Iqbal,

4

> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights.  To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component is contextual and

responsive to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Id. at 9. The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes v. Chapman, 452 U.S. 337, 345 (1981). What is necessary to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. Hudson, 503 U.S. at 5. The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835; Wilson, 501 U.S. at 303.

"Intentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against calculated harassment. Id. at 530. However, mere verbal harassment does not give rise to a constitutional violation. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (taunts and threats do not violate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar

6

language); Rivera v. Goord, 119 F.Supp.2d 327, 342 (S.D.N.Y. 2000) (verbal harassment does not violate inmate's constitutional rights); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185 (D.N.J. 1993); Murray v. Woodburn, 809 F.Supp. 383 (E.D. Pa. 1993); Douglas v. Marino, 684 F.Supp. 395 (D.N.J. 1988). Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). But threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation. Douglas, 684 F.Supp. at 398 (brandishing butcher knife in close proximity to prisoner and threatening to kill him may amount to constitutional violation); see also Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (gun was put to prisoner's head); Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986) (guard threatened to shoot prisoner).

　　　Plaintiff here has alleged that a prison barber deliberately gave him a bad haircut and then laughed at him. These facts establish neither a serious deprivation of a basic human need nor an unnecessary and wanton infliction of pain. Taken as true, this incident does not rise to the level of an Eighth Amendment violation. See, e.g., Figel v. Stasewich, 2007 WL 1032371, at *11 (W.D. Mich. Mar. 30, 2007) (deliberate infliction of bad haircut does not violate constitutional rights).

## V. CONCLUSION

The Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  The Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper  
                                          **MARY L. COOPER**  
                                          United States District Judge

Dated:  November 2, 2011